## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

### CASE NO.:

AMY FEIGE,

      **Plaintiff,**

v.

**NOVITAS SOLUTIONS,  INC.,**
**A Foreign Profit Corporation,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

Plaintiff, AMY FEIGE ("Ms. Feige" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") seeking declaratory and injunctive relief and reasonable attorneys' fees and costs.

## JURISDICTION

1.      The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

## PARTIES

2.      At all times relevant hereto, Plaintiff was and is an employee of Defendant, and resides in Duval County, Florida.

3.      Plaintiff works for Defendant in Duval County, Florida, and the venue, therefore, for this case is the Jacksonville Division of the Middle District of Florida.

5.      At all times relevant hereto, Defendant was/is an employer covered by the FMLA, because it is engaged in commerce or in an industry affecting commerce and employs 50 or more employees within 75 miles of where Plaintiff worked/works, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6.      At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; (b) was employed by Defendant for at least 12 months prior to necessitating FMLA leave; and (c) worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7.      Ms. Feige was hired by Defendant as a Registered Nurse Analyst on January 20, 2015, and was terminated effective February 28, 2019.

8.      During her tenure, Ms. Feige has been considered an exceptional employee and has no significant history of attendance, performance, or disciplinary issues.

9.      Regrettably, Ms. Feige suffers from an array of medical conditions, including but not limited to, diabetes and high blood pressure, all of which were associated with her obesity.

10.      Consequently, Ms. Feige required surgery in April 2016, and she advised Novitas of same months in advance.

11.      The following year, on February 28, 2017, Ms. Feige faced life-threatening medical circumstances, for which she underwent emergency surgery.

12.      Thereafter, Ms. Feige had a seven (7) month run without encountering medical complications or necessitating major medical leave.

13.     However, Ms. Feige required surgery once again and took medical leave from August 28, 2017, through September 12, 2017.

14.     The foregoing leave described in Paragraph 13 above, was covered by the FMLA.

15.     The FMLA entitles eligible employees up to twelve (12) weeks of unpaid leave per year for certain medically-related reasons. 29 U.S.C. § 2612(a)(1).

16.     To ensure employers do not interfere with this entitlement, the FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided." *Id.* § 2615(a)(1).

17.     The term "interfering with" includes "not only refusing to authorize FMLA leave, but discouraging an employee from using such leave." 29 C.F.R. § 825.220(b).

18.     Under the FMLA, asking or requiring an employee to work while on leave may constitute FMLA interference.

19.     "[T]he ability to take FMLA leave is not conditioned upon the willingness of the employee to remain 'on call' to the employer. Of the many prerequisites to FMLA leave, the convenience of the employer is not one." *Sherman v. AI/FOCS, Inc.,* 113 F. Supp. 2d 65, 70–71 (D.Mass. 2000) ("By essentially requiring Plaintiff to work while on leave . . . Defendant has 'interfered' with Plaintiff's attempts to take leave . . .."); *Franks v. Indian Rivers Mental Health Ctr.,* 2012 WL 4736444, at *17 (N.D. Ala. Sept. 30, 2012).

20.      During what should have been FMLA protected leave from August 28, 2017, through September 12, 2017, Defendant required Ms. Feige to work while she should have had the undeterred opportunity to recover from her surgery.

21.     Ms. Feige, objected to Defendant about having to work during FMLA leave, and also continuously expressed to Defendant, that her strained work environment and job duties interfered with her ability to heal/recover properly and efficiently.

22.     Defendant, nonetheless, refused to accommodate Ms. Feige in this regard, and required her to work during her entire FMLA leave.

23.     Defendant's actions in this regard caused Plaintiff great distress, prejudice, and reluctance to utilize FMLA leave in the future.

24.     In this regard, Defendant's actions interfered with Plaintiff's FMLA rights in that Defendant's actions deterred Plaintiff from further utilizing FMLA moving forward.

25.     On or about July 23, 2018, Plaintiff's counsel sent Defendant correspondence outlining its violations of the FMLA toward Plaintiff seeking a resolution/cessation of same.

26.     Since that time, Defendant has intentionally and purposefully retaliated against Plaintiff, initially, threatening her with HIPPA violations and intimidating her by claiming that Plaintiff's proof of Defendant's violations of the FMLA (texts/emails) are subject to disciplinary investigation.

27.     Through the above-referenced tactics, Defendant attempted to force Plaintiff from her employment.

28.     But for Plaintiff (through counsel) having raised Defendant's violations of the FMLA, Defendant would not have retaliated against Plaintiff.

29.     Subsequent to raising Defendant's violations of the FMLA, Defendant and Plaintiff (through counsel), discussed the protection of Plaintiff's FMLA rights, and the Defendant's interference with, and retaliation against, Plaintiff for the exercise and use of her FMLA protected rights, as well as her objections to Defendant's interference with her FMLA rights.

30.   Effective February 28, 2019, Defendant terminated Plaintiff.

31.   As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against her for objecting to same.

32.   Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against Plaintiff for asserting her FMLA rights, Defendant's actions likewise constitute FMLA retaliation.

33.   The timing of Plaintiff's objections to Defendant's FMLA violations and Defendant's retaliatory actions toward her regarding same, demonstrate a causal connection between the assertion of her FMLA rights and these illegal actions taken by Defendant against her.

34.   Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff for asserting her FMLA rights.

35.   Defendant does not have a subjective or objective good faith basis for its actions.

## UNLAWFUL INTERFERENCE & RETALIATION UNDER THE FMLA

36.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-35, above.

37.   At all times relevant hereto, Plaintiff was protected by the FMLA.

38.   At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff based upon Plaintiff's exercise/assertion of her FMLA rights.

39.   At all times relevant hereto, Plaintiff was protected from interference/retaliation under the FMLA.

40.   At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff because Plaintiff asserted her FMLA rights.

41.    As a result of Defendant's intentional, willful and unlawful acts by interfering with, and retaliating against, Plaintiff for asserting her rights pursuant to the FMLA, Plaintiff has been prejudiced and damaged, and incurred reasonable attorneys' fees and costs.

42.    Defendant's violation of the FMLA is willful.

**WHEREFORE**, Plaintiff demands declaratory, equitable, and injunctive relief against Defendant, plus payment of her reasonable attorneys' fees and costs incurred, and any and all further relief that this Court determines to be just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated this 5th day of April, 2019.

Respectfully Submitted,
*/s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
Alexandra Scala, Esq.
Florida Bar No. 0098770
Email: Alexandra@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771

*Attorneys for Plaintiff*